# EXHIBIT A

1 | **AEGIS LAW FIRM, PC**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**06/19/2017** at 12:19:33 PM

Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

1
2  SAMUEL A. WONG, State Bar No. 217104
   KASHIF HAQUE, State Bar No. 218672
3  JESSICA L. CAMPBELL, State Bar No. 280626
   ALI S. CARLSEN, State Bar No. 289964
4  9811 Irvine Center Drive, Suite 100
   Irvine, California 92618
5  Telephone: (949) 379-6250
   Facsimile:  (949) 379-6251
6
7  Attorneys for Plaintiff Dilcia Crandall,
   individually and on behalf of all others similarly situated
8
9
10            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                    **FOR THE COUNTY OF ORANGE**

12  DILCIA CRANDALL, individually and on    Case No.   30-2017-00926928-CU-OE-CXC
    behalf of all others similarly situated
13                                                            Judge Kim G. Dunning

14                    Plaintiff,           **CLASS ACTION COMPLAINT FOR:**

15            vs.                          1.  Failure to Pay Wages;           CX-104
                                           2.  Failure to Provide Meal Periods;
16  MAXIM HEALTHCARE SERVICES,             3.  Failure to Permit Rest Breaks;
    INC. a corporation; and DOES 1 through 4.  Failure to Reimburse Business Expenses;
17  20, inclusive,                         5.  Failure to Provide Accurate Itemized Wage
                                               Statements;
18                    Defendants.          6.  Failure to Pay All Wages Due Upon
                                               Separation of Employment; and
19                                         7.  Violation of Business and Professions
                                               Code §§ 17200, *et seq.*
20
21                                         **DEMAND FOR JURY TRIAL**
22
23
24
25
26
27
28

                              CLASS ACTION COMPLAINT

Plaintiff DILCIA CRANDALL, individually and on behalf of others similarly situated, alleges as follows:

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.     Plaintiff Dilcia Crandall ("Plaintiff") brings this putative class action pursuant to California Code of Civil Procedure section 382, against defendants Maxim Healthcare Services, Inc., and DOES 1 through 20, inclusive (collectively, "Defendants"), on behalf of herself individually and a putative class of non-exempt employees employed, or formerly employed by Defendants as class instructors or group fitness instructors within California.

2.     Defendants provide home health, medical staffing and wellness services throughout California.

3.     Through this action, Plaintiff alleges that Defendants have engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

4.     Plaintiff is informed and believes, and thereon alleges, that Defendants have increased their profits by violating state wage and hour laws by, among other things:

        (a)     Failing to pay all wages (including minimum wage and overtime wages);

        (b)     Failing to provide meal periods or provide compensation in lieu thereof;

        (c)     Failing to authorize or permit rest breaks or provide compensation in lieu thereof;

        (d)     Failing to reimburse for necessary business expenses;

        (e)     Failing to provide accurate itemized wage statements and accurate records; and

        (f)     Failing to pay all wages due upon separation of employment.

5.     Plaintiff brings this lawsuit seeking monetary relief against Defendants on behalf of herself and all others similarly situated in California to recover, among other things, unpaid wages and benefits, reimbursements, interest, attorneys' fees, costs and expenses and penalties

-1-

pursuant to Labor Code §§ 201-204, 210, 226, 226.7, 510, 512, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 2800, 2802 and the applicable IWC Wage Order.

6.    Plaintiff, on behalf of herself and all class members, pursuant to Business and Professions Code §§ 17200, *et seq.*, also seeks injunctive relief and restitution for the unfair, unlawful, or fraudulent practices alleged in this Complaint.

## JURISDICTION AND VENUE

7.    This is a class action, pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

8.    This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

9.    This Court has jurisdiction over all Defendants because, upon information and belief, they are citizens of California, have sufficient minimum contacts in California or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

10.    Venue is proper in this Court because, upon information and belief, Defendants reside, transact business or have offices in this county and the acts and omissions alleged herein took place in this county.

## THE PARTIES

11.    Plaintiff is a resident of California who worked for Defendants during the Class Periods (as defined below) in California.

12.    Plaintiff is informed and believes, and thereon alleges, that Defendants at all times hereinafter mentioned, were and are employers as defined in and subject to the Labor Code and IWC Wage Orders, whose employees were and are engaged throughout this county and the State of California.

-2-

13.     Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this Complaint and serve such fictitiously named defendants once their names and capacities become known.

14.     Plaintiff is informed and believes, and thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant.  Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the class members.

15.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

16.     At all relevant times, Defendants, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

17.     Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently or otherwise responsible for the acts, omissions, occurrences and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of herself and all others similarly situated who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200 and IWC Wage Order violations.

19.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

///

-3-

20.     Plaintiff's proposed Class consists of and is defined as follows:

Class

California citizens currently or formerly employed by Defendants as non-exempt employees in California within four years prior to the filing of the Complaint to the present and continuing.

21.     Plaintiff also seeks to certify the following Subclass of employees:

Waiting Time Subclass

All Class members who separated their employment with Defendants at any time within three years prior to the filing of this action to the time the Subclass is certified.

22.     Plaintiff reserves the right to establish other or additional Subclasses, or modify any Class or Subclass definition, as appropriate.

23.     Members of the Class and Subclass described above will be collectively referred to as "class members."   Plaintiff reserves the right to re-define the Class and Subclass and add Subclasses as appropriate based on investigation, discovery and specific theories of liability.

24.     There are common questions of law and fact as to the Class and Subclass that predominate over any questions affecting only individual members including, but not limited to:

   (a)     Whether Defendants failed to pay wages for all hours worked by Plaintiff and class members;

   (b)     Whether Defendants deprived Plaintiff and class members of timely meal periods or required Plaintiff and class members to work through meal periods without compensation;

   (c)     Whether Defendants deprived Plaintiff and class members of rest breaks or required them to work through rest breaks without compensation;

   (d)     Whether Defendants failed to reimburse Plaintiff and class members for necessary expenditures incurred in connection with the performance and execution of their job duties;

-4-

(e)   Whether Defendants failed to provide accurate itemized wage statements to Plaintiff and class members;

(f)   Whether Defendants failed to keep true and accurate time records for Plaintiff and class members;

(f)   Whether Defendants failed to timely pay all wages due to Subclass members upon termination or within seventy-two (72) hours of resignation;

(g)   Whether Defendants' conduct was willful or reckless; and

(h)   Whether Defendants engaged in unfair business practices in violation of Business and Professions Code §§ 17200, *et seq.*

25.   There is a well-defined community of interest in this litigation and the proposed Class and Subclass are readily ascertainable:

(a)   <u>Numerosity</u>: The members of the Class and Subclass are so numerous that joinder of all members is impractical. Although the members of the entire Class and Subclass are unknown to Plaintiff at this time, on information and belief, the class is estimated to be greater than two hundred (200) individuals. The identities of the Class and Subclass are readily ascertainable by inspection of Defendants' employment and payroll records.

(b)   <u>Typicality</u>: The claims (or defenses, if any) of Plaintiff are typical of the claims (or defenses, if any) of the class because Defendants' failure to comply with the provisions of California's wage and hour laws entitled each class member to similar pay, benefits and other relief. The injuries sustained by Plaintiff are also typical of the injuries sustained by the Class and Subclass, because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

(c)   <u>Adequacy</u>: Plaintiff will fairly and adequately represent and protect the interests of all members of the Class and Subclass because it is in her best interest to prosecute the claims alleged herein to obtain full compensation and penalties due her and the Class and Subclass. Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and versed in the rules governing class action discovery, certification and settlement. Plaintiff has incurred and, throughout the duration of this action, will continue to

-5-

1    incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution

2    of this action for the substantial benefit of each class member.

3                    (d)    Superiority: The nature of this action makes use of class action adjudication

4    superior to other methods. A class action will achieve economies of time, effort and expense as

5    compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues

6    can be adjudicated in the same manner and at the same time for the entire Class and Subclass. If

7    appropriate this Court can, and is empowered to, fashion methods to efficiently manage this case

8    as a class action.

9                    (e)    Public Policy Considerations: Employers in the State of California violate

10   employment and labor laws every day. Current employees are often afraid to assert their rights

11   out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions

12   because they believe their former employers might damage their future endeavors through negative

13   references and/or other means. Class actions provide the class members who are not named in the

14   complaint with a type of anonymity that allows for the vindication of their rights at the same time

15   as affording them privacy protections.

16                          **GENERAL ALLEGATIONS**

17          26.    At all relevant times mentioned herein, Defendants employed Plaintiff and other

18   persons as non-exempt employees at Defendants' California business location(s).

19          27.    Defendants continue to employ non-exempt employees within California.

20          28.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

21   mentioned, Defendants were advised by skilled lawyers, employees and other professionals who

22   were knowledgeable about California's wage and hour laws, employment and personnel practices

23   and the requirements of California law.

24          29.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

25   should have known that Plaintiff and class members were entitled to receive all wages and that

26   they were not receiving all wages for work that was required to be performed. In violation of the

27   Labor Code and IWC Wage Orders, Plaintiff and class members were not paid at all wages for

28   hours worked, including overtime wages.

-6-

30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive all required meal periods or payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay when they did not receive a timely, uninterrupted meal period.  In violation of the Labor Code and IWC Wage Orders, Plaintiff and class members did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay when they did not receive a timely, uninterrupted meal period.

31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay when a rest break was missed, and were entitled to payment of wages for time spent when rest breaks were taken.  In violation of the Labor Code and IWC Wage Orders, Plaintiff and class members did not receive paid rest breaks or payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay when a rest break was missed.

32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to reimbursement for necessary expenditures incurred in connection with the performance and execution of their job duties. In violation of the California Labor Code, Plaintiff and class members did not receive reimbursement for necessary business expenses.

33.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive itemized wage statements that accurately showed their gross and net wages earned, total hours worked and all applicable hourly rates in effect and the number of hours worked at each hourly rate in accordance with California law.  In violation of the Labor Code, Plaintiff and class members were not provided with accurate itemized wage statements.

34.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that employees were entitled to timely payment of wages due upon separation

-7-

of employment. In violation of the Labor Code, Waiting Time Subclass members did not receive payment of all wages within permissible time periods.

35.   Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known they had a duty to compensate Plaintiff and class members, and Defendants had the financial ability to pay such compensation but willfully, knowingly and intentionally failed to do so all in order to increase Defendants' profits.

36.   Therefore, Plaintiff brings this lawsuit seeking monetary and injunctive relief against Defendants on behalf of herself and all class members to recover, among other things, unpaid wages, unpaid meal period premium payments, unpaid rest period premium payments, reimbursements, interest, attorneys' fees, penalties, costs and expenses.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY WAGES**

**(Violation of Labor Code §§ 200 *et seq.*, 510, 1194, 1197 and 1198)**

37.   Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

38.   During the relevant time period, Defendants were required to compensate Plaintiff and class members for all hours worked, pursuant to Labor Code §§ 200 *et seq.*, 510, 1194, 1197, 1198, and the applicable IWC Wage Order.

39.   Labor Code § 510 codifies the right to overtime compensation at one and one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work.

40.   Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

41.   During the relevant time period, Defendants failed to pay Plaintiff and class members all wages when Defendants required Plaintiff and class members to work off-the-clock and/or arrive early for shifts, among other reasons.

-8-

42. During the relevant time period, Defendants regularly failed to pay all wages to Plaintiff and class members for all hours worked in violation of the Labor Code and the applicable IWC Wage Order.

43. As a direct and proximate result of Defendants' failure to pay Plaintiff and class members the required wages, Plaintiff and class members are entitled to recover the unpaid balance of their wages, including overtime compensation, as well as interest, costs and attorneys' fees.

44. Pursuant to Labor Code § 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)

45. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein

46. Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

47. Section 11 of the applicable IWC Wage Order states, "no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

48. Labor Code § 512(a) provides that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

49. Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no

-9-

more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

50. During the relevant time period, Plaintiff and class members did not receive compliant meal periods for working more than five (5) and/or ten (10) hours per day because their meal periods were interrupted, short, missed, or late and/or they were not permitted to take a second meal period.

51. Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each work day that a meal period is not provided.

52. At all relevant times, Defendants failed to pay Plaintiff and class members meal period premium for missed, late, and untimely meal periods pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

53. As a result of Defendants' failure to pay Plaintiff and class members an additional hour of pay for each day a meal period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

## THIRD CAUSE OF ACTION

## FAILURE TO PERMIT REST BREAKS

### (Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

54. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

55. Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

56. Section 12 of the applicable IWC Wage Order states "every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and the "authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

57.    Labor Code 226.7(d) provides that a rest period mandated by state law or IWC Wage Order "shall be counted as hours worked, for which there shall be no deduction from wages."

58.    During the relevant time period, Plaintiff and class members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked because they were required to work through their daily rest periods and/or were not authorized to take their rest periods.

59.    Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order require an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

60.    At all relevant times, Defendants failed to pay Plaintiff and class members rest period premiums for missed or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

61.    As a result of Defendants' failure to pay Plaintiff and class members an additional hour of pay for each day a rest period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

**FOURTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE BUSINESS EXPENSES**

**(Violations of Labor Code §§ 2800 and 2802)**

62.    Plaintiff hereby re-alleges and incorporates by reference the paragraphs above, as though fully set forth herein.

63.    Labor Code § 2800 states that an employer shall in all cases indemnify his employee for losses.

64.    Labor Code § 2802 requires employers to indemnify their employees for all necessary expenditures or losses incurred by employees in direct consequence of the discharge of their duties.

65.    Section 9 of the applicable IWC Wage Order states that when tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer.

-11-

66.     On information and belief, during the relevant time period, Plaintiff and class members incurred necessary business-related costs that were not fully reimbursed by Defendants including, but not limited to, certifications, music purchases, equipment purchases, and phone and internet costs and service fees.

67.     On information and belief, during the relevant time period, Defendants required Plaintiff and class members to use, among other personal items, their cellular phones in connection with the performance of their duties.

68.     In violation of Labor Code §§ 2800 and 2802, Defendants failed to indemnify Plaintiff and class members for these expenses.

69.     In committing the violations as herein alleged, Defendants have intentionally and willfully failed to fully reimburse Plaintiff and class members for necessary business-related costs and expenses. As a direct result, Plaintiff and class members have suffered and continue to suffer substantial losses relating to the use and enjoyment of such compensation, wages, expenses, and attorney's fees.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### (Violation of Labor Code § 226)

70.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

71.     Labor Code § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal

-12-

entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

72.   During the relevant time period, Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and class members. The deficiencies include, among other things, the failure to correctly state the gross and net wages earned, total hours worked and all applicable hourly rates in effect and the number of hours worked at each hourly rate by Plaintiff and class members.

73.   As a result of Defendants' knowing and intentional failure to comply with Labor Code § 226(a), Plaintiff and class members have suffered injury and damage to their statutorily-protected rights. Specifically, Plaintiff and class members are deemed to suffer an injury pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor Code § 226(a). Plaintiff and class members were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under Labor Code § 226(a). In addition, because Defendants failed to provide the accurate rates of pay on wage statements, Defendants have prevented Plaintiff and class members from determining if all hours worked were paid at the appropriate rate and the extent of the underpayment. Plaintiff have had to file this lawsuit in order to analyze the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate hours worked, wages earned, and rates of pay. This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

74.   Plaintiff and class members are entitled to recover from Defendants the greater of all actual damages caused by Defendants' failure to comply with Labor Code § 226(a), or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, in an amount not exceeding four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

75.   Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and class members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and

-13-

intentional failure to comply with California Labor Code § 226(a), Plaintiff and class members have suffered an injury, the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

76.     Plaintiff and class members are also entitled to injunctive relief under California Labor Code § 226(h), compelling Defendants to comply with California Labor Code § 226, and seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT**

**(Violations of Labor Code §§ 201, 202 and 203)**

77.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

78.     Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his employment, his wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting.

79.     During the relevant time period, Defendants willfully failed to pay Waiting Time Subclass members all their earned wages upon termination including, but not limited to, proper minimum wages, overtime compensation, and rest period premiums, either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

80.     Defendants' failure to pay Waiting Time Subclass members all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in violation of Labor Code §§ 201 and 202.

81.     Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

82.     Waiting Time Subclass members are entitled to recover from Defendants the statutory penalty which is defined as Waiting Time Subclass members' regular daily wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to Labor Code § 203.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

83.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

84.     California Business and Professions Code §§ 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice . . . ."

85.     A violation of California Business and Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law. In the instant case, Defendants' policies and practices have violated state law causing Plaintiff and class members to suffer and continue to suffer injuries in fact. As alleged herein, Defendants systematically engaged in unlawful conduct in violation of the California Labor Code and IWC Wage Orders, such as failing to pay wages, failing to provide meal periods or compensation thereof, failing to authorize or permit paid rest breaks or compensation in lieu thereof, failing to reimburse business expenses, failing to pay all wages due and owing upon separation of employment and in a timely manner, and failing to furnish accurate wage statements, all in order to decrease their costs of doing business and increase their profits.

86.     At all times relevant herein, Defendants intentionally avoided paying Plaintiff and class members wages and monies, thereby creating for Defendants an artificially lower cost of doing business in order to undercut their competitors and establish and/or gain a greater foothold in the marketplace.

87.     At the time Plaintiff and class members were hired, Defendants knowingly, intentionally and wrongfully misrepresented to each of them their conformance with the California Labor Code and IWC Wage Orders including proper payments required by law.

-15-

88.   At all relevant times herein, Defendants held themselves out to Plaintiff and class members as being knowledgeable concerning the labor laws of California.

89.   At all times relevant herein, Plaintiff and class members relied on and believed Defendants' representations concerning their conformance with California's wage and hour laws all to their detriment.

90.   As a result of Defendants' intentional, willful, purposeful and wrongful misrepresentation of their conformance with the California Labor Code and IWC Wage Orders, Plaintiff and class members suffered a loss of wages and monies, all in an amount to be shown according to proof at trial. By violating the foregoing statutes and regulations as herein alleged, Defendants' acts constitute unfair and unlawful business practices under California Business and Professions Code §§ 17200, *et seq.*

91.   Defendants' violations of the California Labor Code and IWC Wage Orders and their scheme to lower their payroll costs as alleged herein, constitute unlawful business practices because they were done in a systematic manner over a period of time to the detriment of Plaintiff and class members.

92.   As a result of the unfair business practices of Defendants, as alleged herein, Plaintiff and class members are entitled to injunctive relief, disgorgement and restitution in an amount to be shown according to proof at trial.

93.   Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, class members and to the general public. Based on Defendants' conduct as alleged herein, Plaintiff and class members are entitled to an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

## **PRAYER FOR RELIEF**

Plaintiff, on her own behalf and on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

1.   For certification of the proposed Class and Waiting Time Subclass and any other appropriate subclasses under California Code of Civil Procedure § 382;

-16-

2.    For appointment of Dilcia Crandall as the class representative;

3.    For appointment of Aegis Law Firm, PC as class counsel for all purposes;

4.    For general damages;

5.    For special damages;

6.    For liquidated damages pursuant to California Labor Code § 1194.2;

7.    For statutory penalties to the extent permitted by law, including those pursuant to the California Labor Code and IWC Wage Orders;

8.    For injunctive relief as provided by the California Labor Code and California Business and Professions Code §§ 17200, *et seq.*;

9.    For restitution as provided by California Business and Professions Code §§ 17200, *et seq.*;

10.    For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under California Business and Professions Code §§ 17200, *et seq.*;

11.    For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits and penalties according to proof, including interest thereon;

12.    For reasonable attorney's fees and costs of suit to the extent permitted by law, including pursuant to California Code of Civil Procedure § 1021.5 and California Labor Code §§ 226(e), 1194, and 2802(c); and

13.    For such other relief as the Court deems just and proper.

Dated: June 19, 2017                    **AEGIS LAW FIRM, PC**

By: _____
Ali S. Carlsen
Attorneys for Plaintiff

-17-

CLASS ACTION COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: June 19, 2017                          **AEGIS LAW FIRM, PC**

                                    By: _____
                                              Ali S. Carlsen
                                         Attorneys for Plaintiff

-18-

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

MAXIM HEALTHCARE SERVICES, INC. a corporation; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

DILCIA CRANDALL, individually and on behalf of all others similarly situated

---

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**06/19/2017** at 12:19:33 PM
Clerk of the Superior Court
By Georgina Ramirez, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Central Justice Center

~~700 Civic Center Drive West~~ 751 W. Santa Ana Blvd

Santa Ana, 92701

**CASE NUMBER:**
*(Número del Caso):* 30-2017-00926928-CU-OE-CXC

Judge Kim G. Dunning

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kashif Haque Esq., AEGIS LAW FIRM, PC, 9811 Irvine Ctr Dr, Ste 100, Irvine, CA 92618, 949-379-6250

DATE: 06/19/2017          DAVID H. YAMASAKI, Clerk of the Court          Clerk, by _____, Deputy
*(Fecha)*                                          *(Secretario)*     Georgina Ramirez     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

AEGIS LAW FIRM, PC
Kashif Haque(SBN: 218672) Ali S Carlsen (SBN: 289964)
9811 Irvine Center Dr., Suite 100
Irvine, California 92618
TELEPHONE NO.: 949-379-6250    FAX NO.: 949-379-6251
ATTORNEY FOR (Name): Plaintiff Dilcia Crandall

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: ~~700 Civic Center Drive West~~ 751 W. Santa Ana Blvd
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Crandall v. Maxim Healthcare Services, Inc.

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**06/19/2017** at 12:19:33 PM

Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 30-2017-00926928-CU-OE-CXC |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Kim G. Dunning  DEPT: CX-104 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (*not specified above*) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (*not specified above*) (43)

2. This case [ ] is [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (*check all that apply*): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (*specify*): 7
5. This case [✓] is [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: June 19, 2017

Ali S. Carlsen
_____
(TYPE OR PRINT NAME)                    ▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|